## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL W. ERVIN,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0752-17-0722-X-1

DATE:  August 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mary DiGioia</u>, Bellflower, California, for the appellant.

<u>Catherine V. Meek</u>, Long Beach, California, for the agency.

<u>Roderick Eves</u>, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1      This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's December 3, 2018 final decision in *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-I-1.  On May 10,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2019, the administrative judge issued a compliance initial decision finding the agency not in compliance with the Board's December 3, 2018 final decision. *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-C-1, Compliance Initial Decision (CID) at 4 (May 10, 2019); Compliance File (CF), Tab 5. For the reasons discussed below, and notwithstanding the agency's egregious failure to respond to the Board's orders and otherwise cooperate in resolving this case, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On September 25, 2017, the appellant appealed his removal from the position of Manager, Customer Service. *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-I-1, Initial Appeal File (IAF), Tab 1. On December 3, 2018, the administrative judge issued an initial decision mitigating the appellant's removal to a demotion to the position of Supervisor, Customer Service. *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-I-1, Initial Decision (ID) at 14 (Dec. 13, 2018); IAF, Tab 30. The administrative judge ordered the agency to cancel the appellant's removal and substitute in its place a demotion to the position of Supervisor, Customer Service; and to pay the appellant the appropriate amount of back pay, with interest, as well as adjusting the appellant's benefits with appropriate credits and deductions. ID at 14-15. That initial decision became the final decision of the Board on January 7, 2019, after neither party petitioned the full Board for review. ID at 16-17.

¶3      On March 18, 2019, the appellant filed a petition for enforcement of the Board's order, alleging that the agency had not yet returned him to work. CF, Tab 1 at 3. On May 10, 2019, the administrative judge issued an initial decision granting the petition for enforcement because the agency failed to demonstrate that it cancelled the appellant's removal; placed him in a Supervisor position; or

paid him back pay, interest, and benefits. CID at 4. The administrative judge again ordered the agency to: (1) cancel the removal and substitute in its place a demotion to the position of Supervisor, Customer Service; (2) pay the appellant the correct amount of back pay, interest, and benefits; and (3) inform the Board in writing of all actions taken to comply with the Board's order and the date on which it believed it had fully complied. As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c).[2] *See* 5 C.F.R. § 1201.183(b). On June 21, 2019, the Board issued an acknowledgement order requiring the agency to file evidence of compliance. *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-X-1, Compliance Referral File (CRF), Tab 1.

¶4        On July 9, 2019, the agency filed its response, in which it stated that it believed there was no need to cancel the appellant's removal because the removal was never actually effectuated due to the appellant's intervening resignation. CRF, Tab 3 at 4. The agency further stated that it reactivated the appellant's employment and placed him into a position as Supervisor, Customer Service, at the Pico Rivera Post Office, where he reported for the first time on June 24, 2019. *Id*. The agency finally stated that, for the agency to be able to complete the back

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) To the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) To the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6).

pay requirement, the appellant needed to complete the agency's back pay forms addressing outside employment and other sources of income. *Id*. at 5.

¶5 On July 22, 2019, the appellant responded to the agency's proof of compliance. CRF, Tab 4. The appellant asserted that his new assignment was farther from his home than his original position, although similar vacant positions existed in his original facility. CRF, Tab 4 at 11. The appellant further stated that he had submitted the requisite back pay forms to the agency on July 1, 2019. *Id*.

¶6 On June 19, 2020, the Clerk of the Board issued an order stating that further evidence from the agency was required before the Board could make a determination on compliance. CRF, Tab 5 at 2-3. The Clerk of the Board noted that, as of the date of the Order, the agency had not yet submitted any evidence demonstrating that all back pay funds had been paid to the appellant, provided any explanation as to how it chose the appellant's new position, or stated whether it cancelled the PS Form 50 reflecting the appellant's retirement, as required by the Board's final order. *Id*. The Clerk of the Board directed the agency to inform the Board whether all back pay funds had been paid to the appellant, and if the agency claimed that the back pay funds had been paid, the agency's submission was required to include full details of the back pay calculations and a narrative summary of the payments. *Id*. The Clerk of the Board further directed the agency to state whether it had cancelled the petitioner's retirement PS Form 50, inform the Board regarding how it chose the appellant's new position, including the location, and explain why the appellant was not returned to his original work location. *Id*.

¶7 On April 23, 2021, the Clerk of the Board issued another order due to the agency's failure to respond to the June 19, 2020 Order. CRF, Tab 6. The April 23 Order repeated the June 19, 2020 directive to the agency, and also warned the agency that failure to submit the required information may lead to the issuance of sanctions against the responsible agency official pursuant to 5 U.S.C.

§ 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c). *Id.* at 2. The agency provided no response to the April 23, 2021 Order.

¶8 On September 28, 2022, the Board issued an order to show cause due to the agency's failure to respond to the April 23, 2021 Order. CRF, Tab 9. The Board ordered the agency to submit evidence of compliance and further ordered Ms. Cynthia Garcia, the agency management official identified as responsible for ensuring the agency's compliance, to show cause why the Board should not impose sanctions for the agency's noncompliance. *Id.* at 4.

¶9 On December 13, 2023, after multiple attempts by the Board's Office of General Counsel to contact the representative who appeared throughout this proceeding, Ms. Catherine Meek,[3] the agency finally submitted what it deemed its "Notice of Compliance." CRF, Tab 12. In its submission, the agency asserted that it believed it was in compliance with the Board's December 3, 2018 Order with respect to appellant's return to employment, but also stated that it was still researching whether the appellant had been paid all back pay. *Id.* at 4-6. The agency did not, however, respond to the Clerk's order that the agency show cause why Ms. Cynthia Garcia should not be sanctioned for the agency's failure to respond to previous orders. *Id.*

¶10 After the agency filed its December 13, 2023 submission, the Board's Office of General Counsel again made multiple attempts to contact agency counsel regarding the agency's efforts at further compliance, and again failed to receive a substantive response from agency counsel demonstrating that the agency was attempting to reach full compliance. The Board thus issued another order to show cause, requiring the agency to show why it should not be sanctioned for its failure to comply with the Board's December 3, 2018 Order. CRF, Tab 13.

¶11 On March 18, 2024, the agency finally submitted a substantive pleading that included evidence of its attempts to reach compliance. CRF, Tab 14. The agency

---

[3] The second agency representative, Mr. Roderick Eves, joined the proceeding only in March 2024, after the Board's Office of General Counsel contacted him for assistance in getting the agency to respond to the Board's orders.

apologized for the delay, explaining that staff turnover and structural changes led to a significant delay in its responses. *Id.* at 3-19. The agency explained that it had paid all back pay owed to the appellant on November 5, 2019, and included in the pleading a detailed explanation of the back pay calculations. *Id.*

¶12 The agency supplemented that pleading with a second pleading on April 6, 2024, in which it explained that the agency official previously designated to ensure compliance actually left her position in 2021 due to a reduction in force (though she did not retire from the agency until April 2024). CRF, Tab 15. The agency did not explain why it took 3 years to inform the Board of this event or why it did not fulfill its obligation to provide current information for the agency official designated to ensure compliance, despite the Board's multiple orders and reminders to do so.

¶13 On April 23, 2024, the appellant responded to the agency's March 18, 2024 response. CRF, Tab 16. In his response, the appellant only asserted that he had not yet received any response from the agency to the March 15, 2024 Order to Show Cause. *Id.* at 4.

¶14 On April 25, 2024, the agency responded to the appellant's April 23, 2024 pleading. CRF, Tab 17. The agency argued that, as an e-filer, the appellant should have received all of its submissions via e-Appeal. *Id*. at 3. The agency also stated that it served the appellant's designated representative with copies of all of its pleadings via mail. *Id*.

¶15 On May 7, 2024, the appellant filed a response to the agency's April 23, 2024 pleading. CRF, Tab 18. In the pleading, the appellant only included a generic statement that the agency had not yet complied with the Board's orders. *Id*.

## ANALYSIS

¶16 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she

would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶17      The agency's outstanding compliance issues were its obligations to: (1) cancel the appellant's removal and substitute in its place a demotion to the position of Supervisor, Customer Service; and (2) pay the appellant the correct amount of back pay, interest, and benefits. The agency's combined submissions, while significantly delayed, show that the agency has now reached full compliance. Addressing the cancellation of the appellant's removal and demotion to a supervisor position, the agency's submissions demonstrate that the agency has reached compliance with respect to these obligations. The agency provided unrebutted evidence that, because the appellant initially retired shortly after his removal in September 2017, no PS Form 50 was ever entered into his personnel folder reflecting his removal. CRF, Tab 3 at 4-5. The agency further provided evidence that the appellant was placed in a supervisor position, effective June 22, 2019, where he worked until his second retirement in February 2020. CRF, Tab 3 at 4-8, Tab 12 at 4-9. Additionally, in response to the Board's inquiry as to why he was placed in a separate work location, which was located 23 miles from his previous facility, upon his return to employment, the agency explained that he was placed in his new work location due to a lack of vacancies in his old location, as well as to avoid disruption in the old work location due to the charges against him, which the Board partially sustained. CRF, Tab 3 at 4-8, Tab 12 at 4-9.

¶18     Regarding the back pay and interest, the agency's submissions show that the appellant was paid all back pay and interest owed in November 2019.  CRF, Tab 14.  The agency included with its submissions the required detailed calculations of its payments.  *Id*.

¶19     We would be remiss not to note our profound disappointment in the agency's failure to cooperate in this case.  The agency ignored multiple Board orders, including show cause orders; and the agency representative refused to respond substantively, or frequently at all, to the multiple attempts by the Board's Office of General Counsel to reach her.  This is especially disappointing because the agency representative is a supervising attorney.

¶20     The extreme delay in resolving this case rests largely with the agency.  Indeed, even now, despite admitting (without apology or explanation) that it submitted woefully outdated information regarding the identity of the agency official charged with compliance, the agency still has not fulfilled its obligation under the Board's regulations to name its current such official.  *See* 5 C.F.R. § 1201.183(a)(7).

¶21     The agency's extreme lack of cooperation and failure to comply with Board orders are worthy of sanction.  However, our case law generally does not permit us to sanction an agency that has complied with its substantive obligations, as the agency has finally done.  *E.g.*, *Mavronikolas v. U.S. Postal Service*, 53 M.S.P.R. 113, 116 (1992), *aff'd per curiam*, 979 F.2d 216 (Table).  Nonetheless, we admonish the agency to take care not to act similarly in other cases.  If it does, we may move toward sanctions far earlier in the compliance process.

¶22     In light of the agency's unrebutted evidence of compliance, the Board finds the agency in compliance and dismisses the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the Clerk of the Board.

**NOTICE OF APPEAL RIGHTS[4]**

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.